**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMANTHA RAJAPAKSE,

        Plaintiff - Appellant,

  v.

TRUEBLUE; PEOPLESCOUT,

        Defendants - Appellees.

No. 24-3956

D.C. No. 3:22-cv-05785-KKE

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted March 16, 2026[**]

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Samantha Rajapakse appeals pro se from the district court's summary judgment in her employment action alleging violations of Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment on Rajapakse's claims under Title VII because Rajapakse failed to raise a genuine dispute of material fact as to whether defendants took any adverse employment action because of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a); *see Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 586 (2004) ("Congress chose not to include age within discrimination forbidden by Title VII . . . ."); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n.8 (9th Cir. 2008) ("Title VII does not encompass discrimination on the basis of disability.").

The district court properly granted summary judgment on Rajapakse's hostile work environment claims under the ADA and ADEA because Rajapakse failed to raise a genuine dispute of material fact as to whether defendants subjected her to harassment that was "severe or pervasive." *Mattioda v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024) (setting forth requirements of ADA hostile work environment claims); *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991) (setting forth elements of ADEA hostile work environment claims), *superseded by statute on other grounds as recognized by Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1041-42 (9th Cir. 2005).

The district court properly granted summary judgment on Rajapakse's discrimination and retaliation claims under the ADA and ADEA because Rajapakse failed to raise a genuine dispute of material fact as to whether defendants' proffered nondiscriminatory reasons for their actions were pretextual. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (setting forth burden shifting framework for ADA discrimination and retaliation claims); *see also Caldrone v. Circle K Stores Inc.*, 156 F.4th 952, 956 (9th Cir. 2025) (setting forth same burden shifting framework for ADEA discrimination claims); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888-91 (9th Cir. 1994) (setting forth same burden shifting framework for ADEA retaliation claims).

The district court did not abuse its discretion by denying Rajapakse's request for additional time to conduct discovery under Rule 56(d) because Rajapakse failed to show how any additional discovery would prevent summary judgment. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920-21 (9th Cir. 1996) (setting forth standard of review and explaining that the movant must show that the requested evidence would prevent summary judgment).

We reject as unsupported by the record Rajapakse's contention that the district judge was biased. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that judicial rulings alone rarely support an allegation of bias).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**